IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv–00771−NJR |
| vs. | ) ) |
| CUNNINGHAM, MCFARLAND, JOHN/JANE DOE, JANE DOE, and DEE-DEE BROOKHART, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Shaune Burns, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by not ensuring that he receives his medications on time. Along with the Complaint (Doc. 1), Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 2). On July 17, 2019, the Court denied Plaintiff's request for a temporary restraining order and deferred ruling on his request for a preliminary injunction and screening the Complaint. (Doc. 7).

  The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At

1

this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff's Complaint (Doc. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), include the following allegations:[1] Plaintiff suffers from H. pylori, which is treated by taking the medication Omeprazole. (Doc. 2, p. 3). Without this medication he becomes very sick, is unable to eat or sleep, vomits blood, and suffers sever pain, which feels like lava when vomiting. (Doc. 1, pp. 9, 39, 46; Doc. 2, p. 5). If his illness goes untreated, Plaintiff's condition could progress into cancer. (Doc. 1, p. 46; Doc. 2, pp. 3, 5). While at Lawrence, his Omeprazole medication has run out on three different occasions. (Doc. 1 pp. 9, 23, 39). He has also experienced delays in receiving refills for his other medications that are prescribed to treat pain, high blood pressure, and mental illness. (Doc. 1, pp. 26, 59-60; Doc. 2, p. 3).

Sometime in April 2018, Plaintiff was told that his medication had been ordered, but he did not receive it for two weeks and, as a result, developed an infection. *Id.* at p. 25. On May 11, 2018, he saw a doctor who prescribed him antibiotics to treat the infection. Even though he had informed staff that he was allergic to penicillin, Plaintiff was given amoxicillin and had an allergic reaction. *Id.* at p. 26. *Id.* A nurse came and retrieved the amoxicillin from Plaintiff, but he was never prescribed a replacement antibiotic. *Id.*

Plaintiff again ran out of his H. pylori medication on August 28, 2018, and did not receive a refill until September 2, 2018. *Id.* at p. 27. Two days later he saw medical and was told by a nurse

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint, attached exhibits and grievances, and Motion for Temporary Restraining Order and Preliminary Injunction in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018).

that "they have been having problems get[t]ing the meds pas[s]ed out." *Id.*

Plaintiff states that medical staff has told him to put requests in for medication one week before the medicine runs out. *Id.* at p. 22. As instructed, on May 19, 2019, two weeks prior to running out of his medication, and again on May 23, 2019, one week before running out, Plaintiff put in medical requests for a medication refill. *Id.* at pp. 22, 24. He did not receive a refill until eight days after the medication had ran out. *Id.* at p. 9. Because of the delay, he became ill and was again prescribed antibiotics for three weeks. *Id.*

### DISCUSSION

Based on the allegations of the Complaint, the Court designates a single claim:

**Count 1 –** **Eighth Amendment claim against Cunningham, McFarland, John/Jane Doe, Jane Doe, and Brookhart for deliberate indifference to serious medical needs by failing to ensure that Plaintiff received his medication refills in a timely manner.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

In order to survive preliminary review under Section 1915A a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 9(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters,* 631 F.3d 418, 419 (7th Cir. 2011), the Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* A

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

complaint must include "enough detail to illuminate the nature of the claim and allow defendants to respond." *George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007).

Plaintiff brings his claims under Section 1983 and so to state a claim he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014). A government official may not be held liable under Section 1983 on a theory of *respondeat superior*— based on the unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Additionally, "a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming." *Olive v. Wexford Corp.,* 494 F. App'x 671, 673 (7th Cir. 2012)(citing *Iqbal,* 556 U.S. at 677 and *Burks v. Raemisch,* 555 F.3d 592 (7th Cir. 2009)).

According to the pleading standards of Rule 8 and the requirements for liability under Section 1983, Plaintiff has not pled sufficient facts for the Complaint to survive preliminary review. In the Complaint and Motion for a Temporary Restraining Order and a Preliminary Injunction, Plaintiff alleges that each Defendant was aware that his medication was being delayed and failed to act reasonably in his or her individual and official capacity causing him to suffer unnecessary pain. (Doc. 1 p. 9; Doc. 2, p. 4). Plaintiff states that each Defendant is responsible for various duties at Lawrence regarding medical treatment, grievance procedures, and ordering and supplying medication. (Doc. 2, pp. 4, 6). He also claims that Brookhart denied his grievance and that when he complained to Cunningham, she stated there was nothing she could do. (Doc. 2, p. 3).

These conclusory statements, that Defendants were aware that there was a problem and failed to act reasonably, without any factual support or content, are only abstract recitations of the elements of the cause of action and fail to provide sufficient notice of Plaintiff's claims. *See Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Furthermore, as mentioned, Defendants cannot be held

4

liable simply because they are in supervisory positions or denied a complaint or grievance. *See Adams v. Durai*, 153 F. App'x 972, 975 (7th Cir. 2005) ("Just because an inmate has complained to prison officials about unconstitutional conditions of confinement does not mean that the administrator who reviewed but denied the complaint bears personal responsibility for the alleged conduct."). *See also Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2001)("the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claims."). Because Plaintiff's Complaint fails to allege facts indicating that Defendants were directly and personally involved with the alleged deprivation of Plaintiff's rights, the Complaint shall be dismissed.

The Court further notes that included in the Complaint are several grievances and "declarations" that contain additional allegations of deliberate indifference against individuals not named as defendants in the case caption. (Doc. 1, pp. 22-69). The Court will not treat parties not listed in the caption as defendants, and any claims that Plaintiff intended to bring against these individuals are dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 551-552 (7th Cir. 2005)(holding that to be properly considered a party, a defendant must be "specifi[fied] in the caption").

In light of these deficiencies, Plaintiff's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file a First Amended Complaint identifying each defendant in the case caption and describing ***how*** each defendant violated his rights, keeping in mind that under Section 1983 there is no supervisory liability.

## MOTION FOR PRELIMINARY INJUNCTION

Along with his Complaint, Plaintiff submitted a Motion for Preliminary Injunction (Doc. 2). The purpose of a preliminary injunction is to preserve the status quo until the merits of a

case may be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). A plaintiff must show four elements for an injunction: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants; and (4) the injunction is in the public interest. *Id.*

Plaintiff requests that the Court order Defendants to ensure that medications are ordered and given in a timely manner and that he receives necessary medical care. (Doc. 2, pp. 1, 3). The Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits. Accordingly, Plaintiff's request for injunctive relief is denied. Plaintiff may, however, renew his request in connection with a viable claim in any amended complaint he wishes to submit.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 4). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff does not provide the Court with any

information regarding his attempts to obtain counsel, only a statement that no one would take his case. (Doc. 4, p. 1). For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

### DISPOSITION

**IT IS ORDERED** that the Complaint (including Count 1) is **DISMISSED** without prejudice against **CUNNINGHAM, MCFARLAND, JOHN/JANE DOE, JANE DOE,** and **BROOKHART** for failure to state claim for relief.

**IT IS FURTHER ORDERED** that Motion for Preliminary Injunction (Doc. 2) is **DENIED** without prejudice and Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 18, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00771-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 13, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**