IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | Case No. 19−cv−00771−NJR ) ) |
| WEXFORD HEALTH SERVICES, CUNNINGHAM, MCFARLAND, JOHN/JANE DOE #1, JOHN/JANE DOE #2, NURSE JACKMAN, *also referred to as John/Jane Doe #3*,[1] JOHN/JANE DOE #4, and BROOKHART, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Shaune Burns, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by not ensuring that he receives his medications on time.

The Court dismissed Plaintiff's complaint on September 13, 2019, for failure to state a claim and denied his motion for preliminary injunction. (Doc. 8). Plaintiff has now filed a First

---

[1] Although listed as two separate defendants in the case caption, in the Complaint Plaintiff states that "Defendant #3 and Jackman are one and the same." (Doc. 10, pp. 2, 9). The Court will therefore treat any claims against John/Jane Doe #3 or Defendant #3 as alleged against Nurse Jackman.

1

Amended Complaint, (Doc. 10), and a Motion to Reinstate his motions for preliminary injunctive relief and appointment of counsel (Doc. 9).

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### THE FIRST AMENDED COMPLAINT

In the Amended Complaint, Plaintiff alleges the following: He suffers from H. pylori, which is treated by taking the medication Omeprazole. (Doc. 10, p. 3). Without this medication he vomits blood, which is painful and feels like lava, he is unable to keep food down, and has constant intense burning in his throat and chest. (*Id.* at p. 9). If his illness goes untreated, Plaintiff's condition could progress into cancer. (*Id.*).

Plaintiff arrived at Stateville Correctional Center ("Stateville") on March 2, 2018. (*Id.* at p. 3). Upon arrival, Plaintiff was seen by doctor John/Jane Doe #2, who told Plaintiff that he was nullifying his current prescription for Omeprazole and writing him a new prescription for Famotidine as treatment for his H. pylori. (*Id.*). Plaintiff told John/Jane Doe #2 that he had previously been prescribed that medication and it was ineffective causing him sever stomach pain. John/Jane Doe #2 said he would prescribe Plaintiff a stronger dose of Famotidine. (*Id.* at p. 4). The medication was ineffective and caused Plaintiff severe stomach pain. He discontinued taking the

2

medicine and submitted several sick call slips to John/Jane Doe #2 requesting to be prescribed Omeprazole. (*Id.* at p. 4, 5). Plaintiff was not called to sick call until March 9, 2018, and John/Jane Doe #2 wrote him a two week prescription for Omeprazole. Plaintiff did not receive his prescription order until he had become so sick that he passed out and was taken to the health care unit and prescribed antibiotics for three weeks. (*Id.* at p. 4).

Plaintiff states that, although he submitted a sick call slip on March 2, 2018, he did not receive an evaluation until March 9, 2018, because John/Jane Doe #1 failed to process his sick call request within twenty-four hours and schedule an evaluation within three days of the request being received. (*Id.* at p. 5).

When Plaintiff's two week supply of Omeprazole was down to the last week, he put in a request for a refill in accordance with the refill policy of Wexford Health Sources ("Wexford"). (*Id.* at p. 6). He ran out of the prescription around March 26, 2018, but did not receive a refill until sometime in April. (*Id.*).

On April 16, 2018, Plaintiff was transferred to Lawrence. When he arrived at Lawrence, his supply of Omeprazole was taken and given to medical staff. (*Id.* at p. 6). He went to sick call on April 20, 2018, to submit to a blood test unrelated to his medication issues. (*Id.* at p. 7). He brought with him a milk carton containing the bloody vomit that he had thrown up that day. (*Id.*). Plaintiff spoke with John/Jane Doe #4 and explained that he had been sick every day since his arrival because he did not have his prescription. John/Jane Doe #4 said he was only there to take Plaintiff's blood so Plaintiff would have to wait for other nurses to get to Plaintiff's request. John/Jane Doe #4 made Plaintiff leave sick call without any medication. (*Id.*). After a few more days without his medicine, he filed a grievance on April 22, 2018. (*Id.* at p. 6). Plaintiff received Omeprazole on May 14, 2018. (*Id.* at p. 7).

On May 16, 2019, Plaintiff submitted a refill request for Topiramate, Docusate, Excedrin, and Omeprazole, informing pharmacy nurse Jackman that his medications needed refilled. (*Id.* at p. 8). His medications ran out, however, before he received his refills. (*Id.*).

**PRELIMINARY DISMISSAL**

Plaintiff attempts to brings claims against Wexford as the private corporation who is responsible for staffing all IDOC facilities with medical personnel. (Doc. 10, p. 2). He states that when an inmate is in possession of a prescription and needs a refill, pursuant to Wexford's refill policy implemented at Stateville and Lawrence, seven days prior to the prescription running out the inmate must: (1) remove the sticker from the package; (2) affix that sticker to a request form; and (3) forward the request to the pharmacy department nurse. (*Id.* at p. 6). The pharmacy nurse is then responsible for processing the request and ensuring the inmate receives his medication refill prior to finishing the current supply. (*Id.*). Plaintiff claims that, despite knowing that the policy causes medications to go unfilled on several occasions, Wexford refuses to modify its refill policy or hold employees accountable for failing to ensure medications are refilled in a timely manner. (*Id.* at p. 8).

Wexford "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Respondeat superior* liability does not apply to private corporations under § 1983." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014).

Plaintiff claims that Wexford's "refill policy has played a direct role in plaintiff not receiving his medication refill in a timely manner on three separate occasions." (Doc. 10, p. 7). The facts in the Complaint, however, describe a refill policy and how, despite this policy, Plaintiff did not receive his refill before he ran out of the prescription supply. He does not allege that his

rights were violated because Wexford's policy was being followed and that the policy caused Defendants to be deliberately indifferent to his condition, which is what is needed to hold Wexford liable.

Furthermore, Wexford cannot be held liable for failing to ensure medications are refilled in a timely manner by employees. (*Id.* at p. 8). This is merely another way of seeking to hold Wexford liable because of its supervisory authority over its staff, or its failure to properly exercise that authority. Supervisor liability, the doctrine of *respondeat superior,* is not applicable to Section 1983 actions, whether it is applied to an individual supervisor or a corporate entity. *Woodward v. Corr. Med. Serv. of Ill., Inc*., 368 F.3d 917, 927 (7th Cir. 2004); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Accordingly, any claims of deliberate indifference against Wexford are dismissed without prejudice, and Wexford shall be dismissed without prejudice as a defendant in this action.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the claims in this case into the following two Counts:

**Count 1:** **Eighth Amendment claim against John/Jane Doe #1 and John/Jane Doe #2 for deliberate indifference to serious medical needs by failing to ensure that Plaintiff received his medication refills in a timely manner while at Stateville.**

**Count 2:** **Eighth Amendment claim against Nurse Jackman, John/Jane Doe #4, Cunningham, Nurse McFarland, and Warden Brookhart for deliberate indifference to serious medical needs by failing to ensure that Plaintiff received his medication refills in a timely manner while at Lawrence.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

5

**as inadequately pled under the *Twombly* pleading standard.**[2]

### SEVERANCE

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). Rule 18 allows a party to join unrelated claims against defendants in a lawsuit. Notably, however, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*).

Here, Count 1, pertaining to Plaintiff's treatment (or lack thereof) at Stateville, and Count 2, pertaining to his treatment at Lawrence, are not properly joined in a single action. The discretionary actions taken by different officials at different prisons do not constitute the same series of transactions and occurrences with questions of fact common to each of the defendants. The defendants employed at Stateville and the defendants at Lawrence made independent judgments about Plaintiff's condition, sick call requests, and grievances as it appeared to them at the time. As a result, John/Jane Doe #1, John/Jane Doe #2, John/Jane Doe #4, Cunningham, McFarland, Jackman, and Brookhart are not properly joined under Rule 20(a)(2), and the claims directed against them do not belong together in a single action.

For these reasons, the Court exercises its authority under Rule 21 and severs the improperly

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

joined claims. Count 1 directed against John/Jane Doe #1 and John/Jane Doe #2 will be severed into a separate action and transferred to the proper venue. Count 2 directed against John/Jane Doe #4, Cunningham, McFarland, Jackman, and Brookhart and the merits of this claim will be reviewed in this Order.

**MERITS REVIEW**

**Count 2**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter,* 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that significantly affects an individual's daily activities or that involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff alleges that he complained to John/Jane Doe #4 during a sick call visit about his illness and that he needed medication, but that John/Jane Doe #4 failed to help him and denied him treatment for his H. pylori. He also claims that he wrote requests to Nurse Jackman about not receiving his medication and submitted refill requests to Nurse Jackman, but he did not receive a response or his medication on time. These allegations are enough to proceed with deliberate indifference claim against John/Jane Doe #4 and Nurse Jackman.

Count 2 shall not proceed, however, against Warden Brookhart, Health Care Administrator Cunningham, and Director of Nurses McFarland. Plaintiff claims that these defendants were deliberately indifferent because they are in a position of authority, were aware that Nurse Jackman failed to ensure Plaintiff received his medication in a timely manner, and failed to act to prevent Nurse Jackman from violating his rights. As previously mentioned, a defendant cannot be held

7

liable merely because he or she is an administrator or supervisor. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005). Furthermore, conclusory statements that Defendants were aware that there was a problem and failed to act, without any factual support or content, are only abstract recitations of the elements of the cause of action and fail to provide sufficient notice of Plaintiff's claims. *See Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009); *Smith v. Peters,* 631 F.3d 418, 419 (7th Cir. 2011). Because Plaintiff has not alleged personal involvement on the part of these defendants, Count 2 shall be dismissed against Brookhart, Cunningham, and McFarland.

**PENDING MOTIONS**

Along with his First Amended Complaint, Plaintiff filed a Motion to Reinstate Motion for Appointment of Counsel and for Injunctive Relief, asking the Court to reinstate the motions previously dismissed in the original merit review order. (Doc. 9). The Court **GRANTS** the Motion and will review again Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, (Doc. 2), and Motion for Recruitment of Counsel, (Doc. 4).

In his Motion for TRO and Preliminary Injunction, (Doc. 2), Plaintiff requests that the Court order Defendants to ensure that medications are ordered and given in a timely manner and that he receives necessary medical care. (Doc. 2, pp. 1, 3). Within the First Amended Complaint, he also seeks a preliminary and permanent injunction against Wexford to nullify the current refill policy and create a policy that ensures medications are timely refilled. (Doc. 10, p. 11).

There are significant differences between a TRO and a preliminary injunction. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). Further, a TRO may be issued without notice only if "specific facts in an

affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). The purpose of a preliminary injunction is to preserve the status quo until the merits of a case may be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). A plaintiff must show four elements for an injunction: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants; and (4) the injunction is in the public interest. *Id.*

Here, Plaintiff has failed to show that he will suffer irreparable harm absent injunctive relief warranting a TRO or preliminary injunction. He states that on several occasions "in the past" his medication has been denied or delayed and provides the following dates: April 20, 2018, June 10, 2018, July 5, 2018, July 31, 2018, August 2, 2018, May 16, 2019, and May 30, 2019. (Doc. 2, pp. 3, 5). He does not state that he is currently being denied his medication. The Supreme Court has held that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy," *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008)(citation omitted), and so the Motion for TRO and Preliminary Injunction (Doc. 2), is **DENIED**.

Additionally, as Plaintiff does not have any viable claims against Wexford, who will be dismissed from this action, the request for preliminary and permanent injunctive relief against Wexford is **DENIED**. (Doc. 10, p. 11).

Plaintiff also previously filed a Motion for Recruitment of Counsel (Doc. 4).[3] As mentioned in the original merit review order (Doc. 8, p. 6), Plaintiff does not provide the Court with any information regarding his attempts to obtain counsel, only a statement that no one would take his case. (Doc. 4, p. 1). For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

### IDENTIFICATION OF UNKNOWN DEFENDANT AND OFFICIAL CAPACITY CLAIMS

Plaintiff will be allowed to proceed with Count 2 against John/Jane Doe #4. This defendant must be identified with particularity, however, before service of the First Amended Complaint can be made. Plaintiff will have the opportunity to engage in limited discovery to ascertain this defendant's identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint. In that vein, the Warden of Lawrence Correctional Center, Brookhart, will remain a party in this action, in her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant.

Finally, the Court notes that Plaintiff brings his claims against the remaining Defendants John/Jane Doe #4 and Nurse Jackman in their official and individual capacities. (Doc. 10, p. 1).

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

State officials named in their official capacities may not be sued for monetary damages. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) As Plaintiff's requests for preliminary and permanent injunctive relief have been denied leaving only his request for monetary damages, the official capacity claims against Defendants John/Jane Doe #4 and Nurse Jackman will be dismissed with prejudice.

## DISPOSITION

### PRELIMINARY DISMISSALS

**IT IS HEREBY ORDERED** that, for the reasons stated, **WEXFORD** is **DISMISSED** without prejudice. Any intended claim of an unconstitutional policy resulting in deliberate indifference against **WEXFORD** is **DISMISSED** without prejudice, and the request for preliminary and permanent injunction against **WEXFORD** is **DENIED**. (Doc. 10, p. 11). The Clerk of Court is **DIRECTED** to terminate **WEXFORD** as a defendant in the Case Management/Electronic Case Filing ("CM/ECF") system.

### SEVERANCE AND TRANSFER

**IT IS HEREBY ORDERED** that **Count 1** is **SEVERED** into a new case against **JOHN/JANE DOE #1** and **JOHN/JANE DOE #2**. In the new case, the Clerk is **DIRECTED** to file the following documents:

- The First Amended Complaint (Doc. 10);
- Plaintiff's Application for Leave to Proceed in forma pauperis (Doc. 3); and
- This Memorandum and Order.

**FURTHER,** once the newly severed action is opened, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Courts own motion, **the Clerk of Court is ORDERED to transfer the action to the United States District Court for the Northern District of Illinois, Eastern Division**, for such further proceedings as that court may deem appropriate. 28 U.S.C. § 93(a)(1).

11

**IT IS FURTHER ORDERED** that the **only claim remaining in this action is Count 2 directed against CUNNINGHAM, MCFARLAND, BROOKHART, JACKMAN, and JOHN/JANE DOE #4.** The Clerk of Court is **DIRECTED** to terminate **JOHN/JANE DOE #1** and **JOHN/JANE DOE #2** as defendants in this action.

*MERIT REVIEW COUNT 2*

**IT IS HEREBY ORDERED** that the First Amended Complaint survives screening pursuant to Section 1915A. **Count 2** shall proceed against **NURSE JACKMAN** and **JOHN/JANE DOE #4**. **COUNT 2** is **DISMISSED** as to **CUNNINGHAM, MCFARLAND**, and **BROOKHART**. Because there are no other claims against **CUNNINGHAM** and **MCFARLAND** in this action, the Clerk of Court is **DIRECTED** to terminate them in the CM/ECF system. **BROOKHART** shall remain a defendant in her official capacity only for the purposes of identifying the John Doe Defendant.

**IT IS FURTHER ORDERED** that Motion to Reinstate Motion for Appointment of Counsel and for Injunctive Relief (Doc. 9) is **GRANTED**, Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED without prejudice,** and Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** the Clerk of Court shall prepare for **JACKMAN** and **BROOKHART** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant, **JOHN/JANE DOE #4,** until such time as Plaintiff has identified the individual by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service address for this individual.

With the exception of Defendant **BROOKHART**, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**BROOKHART** is **ORDERED** to timely enter her appearance. **BROOKHART**, however, does not need to file an Answer or other responsive pleading. Once **BROOKHART** enters her appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **BROOKHART** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such*

*a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**