IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, | |
| Plaintiff, | |
| v. | Case No. 19-cv-00771-NJR |
| JANE DOE #4, DEE-DEE BROOKHART, and LORI JACKMAN,[1] | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Shaune Burns, an inmate in the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this action alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Burns claims that Defendants have been deliberately indifferent to his serious medical needs by not ensuring that he receives his medications on time.

Now before the Court is a third motion for a preliminary injunction filed by Burns. (Doc. 25). The Court previously dismissed the first request for a preliminary injunction because the Complaint failed to state a claim, making it impossible for Burns to prove that he is likely to succeed on the merits of his claim. (Doc. 8, p. 6). The Court denied the second motion for preliminary injunction because Burns failed to show that he would suffer irreparable harm, as he did not claim he was currently being denied his medication and only cited to occurrences of medication denial and delay in the past. (Doc. 11, p. 9). In the motion

---

[1] The Clerk of Court is directed to change the docket to reflect Defendant Jackman's proper name as identified in the Response in Opposition: Lori Jackman. (Doc. 32).

Page 1 of 8

currently before the Court, Burns again cites to past incidents that occurred in September and October 2019, where he was denied timely refills of stool softeners, fiber, laxatives, and Omeprazole. Because Burns continues to allege that he is not receiving certain medications, Defendants were ordered to respond to the motion. Defendant Jackman filed a response on February 21, 2020 (Doc. 32). For the following reasons, the motion is denied.

## BACKGROUND

Burns alleges that he suffers from H. pylori, which is treated by taking the medication Omeprazole. (Doc. 10, p. 3). Without this medication he vomits blood, which is painful and feels like lava, he is unable to keep food down, and he has constant intense burning in his throat and chest. (*Id.* at p. 9). If his illness goes untreated, his condition could progress into cancer. (*Id.*).

On April 16, 2018, Burns was transferred from Stateville Correctional Center to Lawrence. When he arrived at Lawrence, his supply of Omeprazole was taken and given to medical staff. (*Id.* at p. 6). He went to sick call on April 20, 2018, to submit to a blood test unrelated to his medication issues. (*Id.* at p. 7). He brought with him a milk carton containing the bloody vomit that he had thrown up that day. (*Id.*). Burns spoke with Jane Doe #4 and explained that he had been sick every day since his arrival because he did not have his prescription. Jane Doe #4 said he was only there to take Burns's blood, so he would have to wait for other nurses to get to his request. Jane Doe #4 made Burns leave sick call without any medication. (*Id.*). After a few more days without his medicine, he filed a grievance on April 22, 2018. (*Id.* at p. 6). Burns received Omeprazole on May 14, 2018. (*Id.* at p. 7). Again, on September 1, 2018, he reported to a nurse that he needed Omeprazole, and he received his medication the next day. (*Id.* at p. 14). On November 4, 2018, he requested a refill, but again he ran out prior to receiving a refill. (*Id.* at p. 29).

A year later, on May 16, 2019, Burns submitted a refill request for Topiramate, Docusate, Excedrin, and Omeprazole, informing pharmacy nurse Jackman that his medications needed refilled. (*Id.* at p. 8). He also sent a written request inquiring about his medications to Jackman. But his medications again ran out before he received his refills. (*Id.*).

On September 17, 2019, Burns put in a request for fiber-lax and Colace, but he did not receive the medicine until October 1, 2019. (Doc. 25, p. 1). He was not given fiber-lax, but Docusate. Burns went to medical on October 5, 2019, and was given Terazosin, calcium antacid, Loratadine, and Famotidine, despite telling medical staff that the calcium antacid and the Famotidine do not work for him—he needs the laxative and Docusate. (*Id.*). An order was placed for citrate of magnesia on October 5, 2019, but he did not receive that medicine until October 22, 2019. He placed a request for the Omeprazole on October 14, 2019, and ran out six days later. (*Id.*). Burns put in three more requests, but did not receive the Omeprazole until October 29, 2019. (*Id.* at p. 2). On October 29, 2019, he also received Terazosin, pain reliever, amlodipine, Pepcid, Tunis, calcium antacid, and Famotidine, but he gave the calcium antacid and the Famotidine back, because he claims it does not work. (*Id.*). Burns argues that because it takes too long to receive his medicine refill, he becomes sick and experiences pain.

Defendant Jackman argues that Burns is not entitled to a preliminary injunction. (Doc. 32). Not only does the Medication Administration Record indicate that Burns's medications are being timely and properly refilled, but he has not demonstrated a likelihood of success on the merits or irreparable harm.

Jackman, the medication room assistant working in the pharmacy, states that Burns's allegations against her for deliberate indifference regarding the refills of his prescriptions are insufficient to succeed on the merits. (*Id.* at p. 5). In his motion, Burns references one instance when there was a delay in receiving his prescription and does not state with specificity how

long of a delay he experienced. Starting in October 2019, Burns is now required to sign a form indicating that he has received his medications, and there is nothing in the record showing that he has not been receiving his medications in a timely manner. Furthermore, he cannot show that Jackman acted with deliberate indifference. Jackman is responsible for placing orders for medication and does not interact with inmates and is not aware of their particular medical conditions. Once a request is made, the medications are received in the pharmacy within twenty-four hours. (*Id.*). She does not have any control over how quickly medications are received or dispensed in the pharmacy. Jackman's job is limited to accepting refill requests and ordering the medications to fill those requests. She holds no other responsibilities, and thus, the allegations fall short of demonstrating that Jackman's actions rise to the level of deliberate indifference. (*Id.* at p. 6).

Jackman also argues that Burns has not provided any evidence that he will suffer irreparable harm if the current prescription refill process is not abolished or modified. (*Id.*). Although he states that if his H. pylori goes untreated it can progress into cancer, he has not alleged that his condition is going untreated, only that he runs out of medication in between refills, which causes him pain. Jackman states there is no evidence that his condition will worsen pending final determination, and the motion should be denied. (*Id.*).

### MOTIONS FOR PRELIMINARY INJUNCTION

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of

demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The Court finds that Burns is not entitled to a preliminary injunction at this time, as he has not demonstrated any of the factors for obtaining a preliminary injunction. First, Burns has not demonstrated "any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp.*, 311 F.3d at 804. He alleges that Lori Jackman was aware that he was in need of refills because he submitted refill request slips and that she is responsible for processing the requests and ensuring that an inmate receives his medication prior to running out of the supply. (Doc. 10, pp. 6, 8). He claims that Jackman's failure to refill

his prescription timely "constitutes" deliberate indifference. His allegations, however, do not suggest that the delay in receiving his H. pylori medication, Omeprazole, on five occasions since arriving at Lawrence in 2018, [2] resulted from deliberate indifference. Deliberate indifference is not negligence, gross negligence, or even recklessness, *see Hayes v. Snyder,* 546 F.3d 516, 524 (7th Cir. 2008) (citations omitted), and Burns has not made allegations or presented evidence of the "requisite bad intent in delaying the dispensation of his medication" that is necessary for a deliberate indifference claim. *Burton v. Downey,* 805 F.3d 776, 785 (7th Cir. 2015). Furthermore, the Motion for Preliminary Injunction, which alleges the most recent delays in medication in September and October 2019, does not make any allegations regarding Jackman. Burns has not alleged or presented evidence that Jackman acted with deliberate indifference, and so he has not demonstrated a likelihood of success on the merits of his claims.

Burns's traditional legal remedies are adequate. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of American, Inc.*, 549 F.3d 1079, 1095 (7th Cir. 2008). Burns does not allege his H. pylori is not being currently treated, only that he does not always receive medications on time. In his motion, he states he was seen by medical staff for various medical issues on September 24, 2019, October 5, 2019, October 15, 2019, October 23, 2019, October 24, 2019, December 13, 2019, December 19, 2019, January 14, 2020, and January 23, 2020. By all indications, he has access to medical care while this action is pending, and while his medications have been delayed, he has not alleged that he is being denied medicine or treatment. A final determination on the merits thus provides an adequate remedy at law. This

---

[2] In the First Amended Complaint, Burns alleges that his Omeprazole was allowed to run out before receiving a refill in May 2018, September 2018, November 2018, and May 2019. (Doc. 10, pp. 7, 8, 14, 29). In the preliminary injunction motion, he states that he ran out of Omeprazole on October 20, 2019. He received a seven day supply on October 24, 2019, and a refill on October 29, 2019. (Doc. 25, p. 2).

second factor does not weigh in favor of an injunction.

Third, Burns has not demonstrated that he will suffer irreparable harm without a preliminary injunction. Burns states that his H. pylori can progress into cancer if untreated. Burns is not alleging, however, that the condition is going untreated, only that he has experienced delays in receiving the required medication. In October 2019, he went for four days without Omeprazole and about two weeks without constipation medicine. In November, he ran out of stool softener but received more the next day. These are the most recent allegations of delay, and he does not state that as of February 5, 2020, when the motion was filed, he is currently being denied his medication. The Supreme Court has held that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)(citation omitted). Because he does not state he is currently being denied his medication, he has not established irreparable harm absent injunctive relief.

The balance of equities favor denial of a preliminary injunction. When deciding whether an injunction should issue, the greater the likelihood of success on the merits, the less net harm the injunction must prevent to warrant a preliminary injunction. *See Merritte v. Kessel,* 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). In light of the Court's determination regarding Burns's likelihood of success on the merits, a preliminary injunction is only warranted if it prevents significant harm to Burns and poses a minimal burden to Defendants. As previously mentioned, a preliminary injunction is an "extraordinary and drastic remedy" that requires a "clear showing" that a plaintiff is entitled to relief. *Mazurek,* 520 U.S. at 972 (citation omitted). Burns has not made the clear showing necessary to warrant this drastic remedy.

DISPOSITION

For the reasons set forth above, the Motion for Preliminary Injunction (Doc. 25) is **DENIED without prejudice.**

The Clerk of Court is **DIRECTED** to modify the docket in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:   April 21, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**