IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAUNE BURNS,
#N51789,

        **Plaintiff,**

v.

JANE DOE #4,
DEE-DEE BROOKHART, and
LORI JACKMAN,

        **Defendants.**

Case No. 19-cv-00771-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Shaune Burns, an inmate in the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this action alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Now before the Court is a fourth motion for a preliminary injunction, as amended, filed by Burns. (Docs. 34, 36, 37). Defendant Jackman filed a response on May 21, 2020. (Doc. 39). For the following reasons, the motion is denied.

### BACKGROUND

    Burns alleges that since arriving at Lawrence, his medication is repeatedly allowed to runout, and he is not given timely refills. (Doc. 10). When he was first transferred to Lawrence in 2018, he was without Omeprazole for 28 days and became very ill. During that time, he complained that he was sick and in need of Omeprazole to John/Jane Doe #4, who did not provide him with his medication. At some point, he wrote to the pharmacy nurse, Jackman,

about receiving Omeprazole, but did not receive a response. Burns also claims he submitted refill requests for Omeprazole and other medications to Jackman on May 16, 2019, but did not receive his refills prior to running out of his medicines.

Following a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Burns is proceeding on an Eighth Amendment Claim against Nurse Jackman and John/Jane Doe Nurse #4 for failing to ensure that Burns received his medication refills in a timely manner while at Lawrence (Count 2). (Doc. 11).

The Court previously dismissed the first request for a preliminary injunction because the original Complaint failed to state a claim, making it impossible for Burns to prove that he is likely to succeed on the merits of his claim. (Doc. 8, p. 6). The Court then denied the second motion for preliminary injunction because Burns failed to show that he would suffer irreparable harm, as he did not claim he was currently being denied his medication and only cited to occurrences of medication denial and delay in the past. (Doc. 11, p. 9). Finally, the Court denied the third motion for preliminary injunction because Burns had not demonstrated any of the three requirements necessary for obtaining preliminary injunctive relief. (Doc. 33).

In the motion currently before the Court, Burns again alleges that he is not receiving his medication in a timely manner. He states that he put in a request for his fiber laxatives on April 14, 2020, April 18, 2020, and April 23, 2020, and as of April 28, 2020, he had not received his medicine. (Docs. 34, 36). He also ran out of Docusate on April 30, 2020, and Omeprazole on May 5, 2020, despite previously putting in requests for refills. (Docs. 36, 37). Burns further states that he was placed in segregation around April 18, 2020. While in segregation,

medications that are usually personally kept are taken from inmates, and the nurses dispense the medicine to the inmates in segregation. (Doc. 34, p. 2). Once he was released from segregation, Burns claims he was not given back his medications.

## ANALYSIS

In order to obtain preliminary injunctive relief, Burns must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

The Court finds that Burns is seeking relief from individuals who are not parties to this action, and thus, the motion is denied. The Court previously noted, in denying the third request for preliminary injunction, that Burns did not make any allegations regarding Defendant Jackman in the motion. (Doc. 33, p. 6). In the current motion, Burns now argues that "this claim is not just on Nurse Jackman, but on some of the other nursing staff et al."

(Doc. 34, p. 1). He alleges that once Jackman places the order for a prescription refill it is "up to other nursing staff to pass [the medication] out to the inmates in a timely way. This keeps not happening." (*Id.*). He states that the nursing staff did not return all of his medication to him when he was released from the segregation unit (*Id.,* at p. 2), and he thinks "someone in medical is doing the wrong thing to my requests [due] to me suing them or their friends." (Doc. 37). These claims against nursing staff for not timely passing out or returning medication and suspected retaliation by unknown medical personnel are not related to the claims in this lawsuit against John/Jane Doe #4 and Jackman. There is no indication that either Defendant was personally involved in delaying his medication, and a motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. Because Burns has failed to set forth any evidence establishing that he is in imminent harm due to Defendants' actions, he has failed to meet his burden to demonstrate that a preliminary injunction is warranted.

## Conclusion

For the reasons set forth above, Burns's fourth motion for preliminary injunction (Doc. 34) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**