IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789,  **Plaintiff,**  v.  JANE DOE, *et al.*,  **Defendants.** | Case No. 19-cv-00771-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Statement of Facts and Questions for the Court file by Plaintiff Burns. (Doc. 44). He asks the Court to reconsider the denial of his fourth motion for preliminary injunction. Burns points out that in the Court's order denying his previous motions for preliminary injunction, the Court determined that Burns had not demonstrated irreparable harm, as Burns did not claim he was currently being denied his medication. (Doc. 11, p. 9; Doc. 33, p. 7). He argues that when he filed the fourth motion for a preliminary injunction, he was being denied his medication at the time of filing, and thus the Court should not have denied the motion.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted). Although Burns stated he was out of certain medications at the time of filing the fourth motion for preliminary injunction, the Court found that he did not allege that the defendants in this case, Lori Jackman and Nurse

Page 1 of 2

John/Jane Doe #4, were personally involved in delaying his medications. To obtain a preliminary injunction Burns must "establish a relationship between the injury claimed [in his motion] and the conduct asserted in the complaint." (Doc. 40, p. 3) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Burns did not claim or put forth any evidence that he was in imminent harm due to Defendants' actions. Accordingly, the Court ruled that he had not met his burden of demonstrating that he was entitled to preliminary relief.

Therefore, having found no error of law or fact, and no compelling reason to reconsider its prior order, the Court denies Burns's request for reconsideration. *See United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (district courts may reconsider previous rulings in the same ligation "if there is a compelling reason") (citations omitted); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

**IT IS SO ORDERED.**

DATED:   August 3, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**