IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, <br><br>   Plaintiff, <br><br> v. <br><br> JANE DOE #4, DEE-DEE BROOKHART, and LORI JACKMAN, <br><br>   Defendants. | Case No. 19-cv-00771-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Shaune Burns, an inmate in the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed this action alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Following a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Burns is proceeding on an Eighth Amendment Claim against Nurse Jackman and John/Jane Doe Nurse #4 for failing to ensure that Burns received his medication refills in a timely manner while at Lawrence (Count 2). (Doc. 11).

Now before the Court are various motions filed by Burns, which the Court construes as requests for preliminary injunctive relief: Motion to Compel (Doc. 47), Motion for Order (Doc. 48), Motion for Help (Doc. 52), and Response to Scheduling Order (Doc. 53). Burns has also filed documents concerning initial disclosures and identification of the John/Jane Doe Defendant: Motion to Compel (Doc. 47), Response to Scheduling

Page 1 of 6

Order (Doc. 49), Motion for Extension of Time and Notice to the Court (Doc. 50), and Response to Scheduling Order (Doc. 53).

## BACKGROUND

Burns alleges that since arriving at Lawrence, his medications are repeatedly allowed to runout, and he is not given timely refills. (Doc. 10). When he was first transferred to Lawrence in 2018, he was without Omeprazole for 28 days and became very ill. During that time, he complained that he was sick and in need of Omeprazole to John/Jane Doe #4, who did not provide him with his medication. At some point, he wrote to the pharmacy nurse, Defendant Jackman, about receiving Omeprazole, but did not receive a response. Burns also claims he submitted refill requests for Omeprazole and other medications to Jackman on May 16, 2019, but did not receive his refills prior running out of his medicines.

The Court previously dismissed the first request for a preliminary injunction because the original Complaint failed to state a claim, making it impossible for Burns to prove that he is likely to succeed on the merits of his claim. (Doc. 8, p. 6). The Court then denied the second motion for preliminary injunction because Burns failed to show that he would suffer irreparable harm, as he did not claim he was currently being denied his medication and only cited to occurrences of medication denial and delay in the past. (Doc. 11, p. 9). The Court denied the third motion for preliminary injunction because Burns had not demonstrated any of the three requirements necessary for obtaining preliminary injunctive relief. (Doc. 33). Finally, the Court denied the fourth motion for preliminary injunction because he was seeking relief from individuals who are not parties

to this lawsuit. (Doc. 40). The Court subsequently denied a motion to reconsider and again advised Burns that when seeking emergency injunctive relief, a plaintiff must "establish a relationship between the injury claimed [in his motion] and the conduct asserted in the complaint." (Doc. 46, p. 2) (citing *Devose v. Herrington,* 42 F.3d 470, 471) (8th Cir. 1994)).

### PRELIMINARY INJUNCTION MOTIONS

In the motions before the Court, Burns claims that he (1) has ran out of the prescription Amlodipine (Doc. 47, p. 2; Doc. 48, p. 1)); (2) needs new frames for his glasses (Doc. 48, p. 1); (2) he is sick and has not received responses to his sick call requests (*Id.*); (3) has a tooth that is hurting and has not received responses to his requests for an appointment with the dentist (*Id.*); (4) is being retaliated against by nursing staff (*Id.* at p. 2; Doc. 52, p. 1); and (5) has ran out of Omeprazole (Doc. 52, p. 1; Doc. 53, p. 1). He requests help from the Court.

The Court construes the requests filed by Burns regarding his medical care as seeking a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. As Burns has been advised, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose,* 42 F.3d at 471; *Daniels v. Dumsdorff*, No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). Furthermore, "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)).

Although Burns claims that he continues to not receive his medication in a timely manner, he has failed to assert that these actions were caused by or involved the Defendants— Nurse John/Jane Doe and Lori Jackman. Burns cannot seek relief from individuals who are not parties to this action. He also cannot use a preliminary injunction motion as a vehicle to air new allegations and name additional defendants. If Burns wishes to amend the Frist Amended Complaint to include additional claims or parties, he must file a motion for leave to amend the complaint, along with a proposed amended complaint, by **October 20, 2020.** (*See* Doc. 41, p. 3). Burns is reminded that the proposed amended complaint must include all claims against all defendants and stand complete on its own. The Court will not simply "add" claims or defendants to the First Amended Complaint. Burns also must refile any exhibits he wishes the Court to consider. As Burns has not demonstrated that he will suffer irreparable harm at the hands of Defendants without an injunction, the requests for emergency injunctive relief are denied. *See Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (a preliminary injunction requires a "clear showing" that the plaintiff is entitled to relief).

### INITIAL DISCOVERY

Burns also has filed several motions regarding issues with initial discovery. Burns states that while in segregation, his legal documents and case files were put into storage, and now they are missing. (Doc. 47). He claims that as of August 21, 2020, Defendants have not provided initial disclosure as required by the Initial Scheduling and Discovery Order. (Doc. 50). He states he has requested copies of his medical records twice and still has not received them and believes Defendants will wait until the last minute to provide

the required documents. (Doc. 49). He asks for Defendants to provide information regarding the identity of the John/Jane Doe Defendant and information pertaining to the tasks of the nurses at Lawrence. Because he has not received documents in a timely manner, Burns asks for an extension of time. Defendants have not filed a response to the allegations regarding discovery.

Burns's requests will be granted in part and denied in part. The Court notes that it is not clear if Burns has attempted to resolve his discovery issues first with Defendants prior to involving the Court. FED. R. CIV. P. 37(a)(1). He states that he has written grievances regarding not receiving certain documents and asked for certain information, and he also attempted to file a motion for production of documents with the Court directly. (*See* Doc. 51). Burns is advised that he must make a good faith effort to contact, write, or communicate with defense counsel directly if he is not receiving required discovery. That being said, the Court directs Defendants to file a response to the allegations that Burns has not received initial discovery and that his case files have been confiscated and gone missing by **October 8, 2020.**

As to the identification of the unknown defendant, Defendants have filed a Notice of Compliance with the Court stating that RN Heather Ellison is the individual who saw Burns on April 20, 2018. If Burns believes this individual is the John/Jane Doe Defendant then he must file a motion to substitute. The Court grants Burns an extension of time to do so. He must file a motion to substitute or a motion specifying additional steps that can be taken to identify the John/Jane Doe by **October 8, 2020**. Failure to do so will result in the dismissal of the John/Jane Doe Defendant. (*See* Doc. 41, p. 2-3).

Finally, the Court grants the Motion to Withdraw Affirmative Defense filed by Defendant Jackman. The affirmative defense regarding exhaustion is withdrawn as to Defendant Jackman. Deadlines for discovery and dispositive motions on the merits will be entered in a separate scheduling order.

### Conclusion

For the reasons set forth above, the requests for preliminary injunctive relief filed by Burns are **DENIED** (Docs. 47, 48, 52, 53). The requests regarding initial discovery are **GRANTED in part** and **DENIED in part** (Docs. 47, 49, 50, 53). Burns shall have until **October 8, 2020,** to file a motion to substitute or a motion specifying additional steps that can be taken to identify the John/Jane Doe. Defendants are **ORDERED** to file a response to the allegations that Burns has not received initial discovery and that his case files have been confiscated and gone missing by **October 8, 2020.**

The Motion to Withdraw Affirmative Defense filed by Defendant Jackman (Doc. 55) is **GRANTED.**

**IT IS SO ORDERED.**

DATED:   September 24, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**