IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, <br><br> Plaintiff, <br><br> v. <br><br> HEATHER ELLISON, LORI JACKMAN, HCUA CUNNINGHAM, WEXFORD HEALTH SERVICES, and DEE-DEE BROOKHART, <br><br> Defendants. | Case No. 19-cv-00771-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Shaune Burns, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Following an initial screening of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Burns was allowed to proceed on an Eighth Amendment claim against Nurse Jackman and Nurse Jane Doe for deliberate indifference to serious medical needs by failing to ensure that he receives his medication refills in a timely manner. (Doc. 11).

Pursuant to the Initial Scheduling Order, Burns had until October 20, 2020, to file a motion for leave to amend the complaint. (Doc. 41). Burns submitted a Motion for Leave to File an Amended Complaint, along with a proposed amended complaint and exhibits, on October 16, 2020. (Doc. 61). Defendants did not file an objection. The Court now considers the Motion for Leave to File an Amended Complaint (Doc. 61), the Motions for Help (Docs. 62, 63, 64, 67), and the Motions for Appointment of Counsel (Docs. 65, 66).

**SECOND AMENDED COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. As discussed, Burns's motion is timely and Defendants have not raised any objections. Nonetheless, the proposed second amended complaint is still subject to review under 28 U.S.C. § 1915A. Therefore, the Court will screen the proposed amended complaint in accordance with this statute in conjunction with its consideration of Burns's motion.

In the proposed amended complaint, Burns alleges the following: Three or four years ago in an effort to cut costs, Wexford Health Services ("Wexford") implemented a new prescription refill procedure. Under the former procedure, the pharmacy nurse kept track of when an inmate's medication needed to be refilled and would automatically provide the refill prior to the inmate running out of the prescribed medication. Under the new procedures, inmates are to notify the pharmacy nurse when they need a medication refill seven days prior to running out of the medication. The inmate fills out a refill request slip with the inmate's name, identification number, and current living unit, removes the sticker from the current medication package and affixes it to the request slip, and places the request slip in the lock box labeled healthcare. The request slip is then forwarded to the pharmacy department at the facility. Prior to the procedure change, inmates would receive their prescriptions in a timely manner. The new procedure allows the pharmacy nurse to not refill an inmate's prescription and then allege that the inmate never submitted the refill request. The inmate must then file a grievance in order to resolve the issue. This process causes a delay in medications being refilled in a timely manner, allowing Wexford to save money that would have been spent by promptly refilling the prescriptions.

Burns suffers from H. pylori, which is treated with the medicine omeprazole. If he does not consistently take omeprazole, he becomes very sick, vomiting blood and experiencing intense burning in his throat and chest. If untreated, H. pylori can progress into cancer. On April 16, 2018,

Page 2 of 11

Burns was transferred to Lawrence, and the transfer officer took from his possession his omeprazole prescription. The prescription was given to medical personnel. Burns then submitted a written request to Jackman, who works in the pharmacy department, inquiring about when he would receive his prescription but did not receive a response. On April 20, 2018, Burns was called to sick call to submit to a blood test, unrelated to his medication issues. At that time, he brought with him a milk carton that contained bloody contents that he had vomited that day. Burns showed Nurse Ellison the milk carton and explained that since he has been unable to take omeprazole, he had been vomiting bloody substances every day since his arrival on April 16, 2018. Nurse Ellison told Burns that he was not being seen for anything other than a blood test. After the blood test, Nurse Ellison made Burns leave sick call untreated. By April 22, 2018, he still had not received a refill or the omeprazole that had been taken from him by the transfer officer. He submitted a grievance. Burns did not receive any omeprazole until May 14, 2018. In total, he went twenty-eight days without omeprazole, thirty-five days without Haldol, and ten days without Cogentin.

On May 16, 2018, Burns submitted his refill stickers for Topiramate, docusate, Excedrin Migraine, and omeprazole to Jackman. Jackman did not respond to this request or provide him with a refill prior to him running out of his prescriptions.

On September 19, 2019, Burns notified Jackman through the refill procedures that he needed a refill for docusate, laxatives, amlodipine, and Excedrin Migraine. He did not receive docusate until October 1, 2019 – four days after he ran out of the medicine; the Excedrin migraine and laxatives on October 20, 2019 – twenty-four days after he ran out of the medicines; and the amlodipine was never given to him because he was in segregation by the time the prescription was refilled.

On April 5, 2020, Burns notified Jackman through the refill procedures that he needed refills for laxatives, docusate, and omeprazole. Again, the medicines were not timely refilled. He

went eleven days without laxatives and docusate and four days without omeprazole. That same day, Burns went to the medical unit to receive ADA headphones. He saw the healthcare unit administrator, Cunningham, and told her that he was in pain due to his hemorrhoids. Burns explained his hemorrhoids were "falling out and bleeding." Cunningham told Burns she did not care and asked why he was asking her when he already had filed a lawsuit. He was forced to remain in pain because he was without hemorrhoid ointment.

On May 3, 2020, he notified Jackman through the refill procedure that he needed a refill for his hemorrhoidal cream, but Jackman failed to provide the cream before he had used all of the medicine.

Each time Burns needs a medication refill, he places a written request in a locked box in accordance with Wexford's medication refill procedure. To this day, he continues to not receive refills for his prescribed medications in a timely manner. Because he is not provided consistent refills of omeprazole, he has developed an infection and is now taking an antibiotic.

Based on the allegations of the proposed amended complaint, the Court finds it convenient to designate the claims in this case into the following Counts:

**Count 1:** Eighth Amendment claim of deliberate indifference to a serious medical need against Ellison for failing to ensure that Burns received treatment, including a refill of omeprazole, on April 20, 2018.

**Count 2:** Eighth Amendment claim of deliberate indifference to a serious medical need against Jackman, Cunningham, and Brookhart for repeatedly failing to provide Burns with timely refills of his medications.

**Count 3:** First Amendment claim of retaliation against Cunningham for refusing to assist Burns in obtaining prescription refills because he filed a lawsuit.

**Count 4:** Eighth Amendment claim of deliberate indifference to a serious medical need against Wexford by implementing a policy that delays the timely receipt of medication refills.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the proposed amended complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

The Court finds that the proposed amended complaint survives screening pursuant to Section 1915A and grants the Motion for Leave to File an Amended Complaint.[2] (Doc. 61). Burns allegations against Ellison for failing to provide any kind of treatment, including a refill of omeprazole, for his H. pylori on April 20, 2018, is sufficient for Count 1 to survive screening.

Count 2 will proceed against Jackman for repeatedly failing to timely refill Burns's prescriptions. Count 2 will also proceed against Cunningham, the healthcare administrator, who was aware that Burns was not timely receiving his refills due to a conversation on April 5, 2020, and the multiple grievances filed by Burns and failed to ensure that he received appropriate medical attention and timely medication refills. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015)). Count 2 is dismissed, however, as to Warden Brookhart. Burns states that Brookhart is responsible for addressing prisoner complaints against medical staff. However, Brookhart cannot be held liable solely based on her position as an administrator, as the doctrine of *respondeat superior* does not apply to Section 1983 actions. Therefore, Burns has failed to state a claim for deliberate indifference against Brookhart.

The allegations that Cunningham refused to provide Burns assistance in obtaining treatment for his hemorrhoids because he initiated this lawsuit are sufficient for Count 3 to proceed

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Because it appears that Burns is relying on statements made in the purposed amended complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all the pleadings together. *See Otis v. Demarass,* 886 F. 3d 639, 644 (7th Cir. 2018); *Bogie v. Rosenberg*, 705 F. 3d 603, 609 (7th Cir. 2013).

against Cunningham.

Finally, Count 4 will proceed against Wexford for implementing prescription refill procedures that deny inmates, including Burns, adequate medical treatment in an effort to cut costs.

In the proposed amended complaint, Burns asserts his claims against Defendants in their official and individual capacities. He seeks monetary damages and declaratory and injunctive relief. As stated in the previous merit review order (Doc. 11), claims for monetary damages may only be pursued against state officials in their individual capacities. Furthermore, the most appropriate defendant to implement injunctive relief is Brookhart, as the Warden of Lawrence. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Therefore, Brookhart will remain a defendant in her official capacity only for the purpose of implementing any injunctive relief that is ordered. The official capacity claims against the other remaining Defendants are dismissed with prejudice.

### MOTION TO APPOINT COUNSEL

Burns has filed requests asking the Court to recruit counsel on his behalf. (Docs. 65, 66, 67). Burns states he is incapable of litigating this case on his own because he suffers from mental and physical illness. He further argues that the case involves complex matters involving medical treatment, and he is unable to understand most of his medical records and Defendants' requests for interrogatories.

When denying his previous motions for court recruited counsel, the Court determined that Burns has demonstrated reasonable efforts to locate counsel on his own without success.[3] (Doc. 29). However, the Court denied his requests. Burns was capable of litigating this case without counsel at that time and because he is not proceeding in this case *in forma pauperis,* he needed to

---

[3] In evaluating the requests for court recruited counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

provide the Court with recent documents demonstrating his indigency. If he sought court recruited counsel in the future, the Court directed Burns to submit current documentation showing he is unable to afford counsel, such as a copy of his trust fund account statement from the previous six months. (*Id.*); 28 U.S.C. § 1915 (e)(1).

The Court now finds that Burns is no longer capable of proceeding *pro se* and will recruit counsel on his behalf. He has indicated that he only has a grade school education and his medical records submitted demonstrate he suffers from an intellectual disability and schizophrenia, as well as other mental health conditions, and Burns has repeatedly shown that he has difficulty following directions from the Court. (Doc. 4, p. 2; Doc. 65, p. 6). Burns has been advised on more than one occasion that in order to obtain emergency injunction relief Defendants Jackman and Nurse Jane Doe must personally be involved in his allegations submitted to the Court. (*See* Docs. 40, 56, 58). Despite the Court's directions, he continuously files documents seeking help because his medications are not being timely refilled, asserting allegations against individuals who are not parties to this case and improperly attempting to amend the operative complaint by adding new claims in each filing. (*See* Docs. 2, 25, 34, 36, 37, 47, 48, 52, 53, 62, 63, 64, 67). In the meantime, he has filed hundreds of pages with the Court. His purposed amended complaint and attached exhibits are over one thousand pages. Burns also has attempted to file with the Court over one hundred pages of discovery. As the case progresses through discovery, the Court finds that Burns will only continue to struggle in filing court documents and identifying and presenting the "right type of evidence" for his constitutional claims. *James v. Eli,* 889 F. 3d 320, 327 (7th Cir. 2018). Considering these circumstances, along with the complexity of his deliberate indifference claims, the Court grants the requests for court recruited counsel. Although, Burns has failed to provide recent financial documentation, the Court is satisfied that he is indigent based on the financial information contained in his Motion for Leave to Proceed *in forma pauperis* (Doc. 3) filed on July

16, 2019.

Finally, the Court notes that in the requests for counsel (Docs. 65, 66), Burns includes allegations that staff of Wexford and IDOC are retaliating against him by opening his outgoing and incoming legal mail and mishandling grievances. He also includes allegations that are unrelated to the issues in this case regarding inadequate treatment for tooth pain. Burns is advised that these claims do not amend or supplement the Second Amended Complaint. The Court does not accept piecemeal amendments to a complaint.

### MOTION FOR DOCKET SHEET

The request for a copy of the docket sheet is granted. (Doc. 62). The Clerk of Court is directed to send Burns a copy of the docket sheet.

### REQUESTS FOR INJUNCTIVE RELIEF

Burns has filed several motions seeking help because he continues to not receive timely refills of his medication. (Doc. 62, 63, 64, 67). Now that counsel will be recruited, these motions are denied without prejudice so that recruited counsel can evaluate how to proceed.

### DISPOSITION

For the reasons stated above and pursuant to Rule 15, the Court **GRANTS** the Motion for Leave to File an Amended Complaint Instanter. (Doc. 61). The Clerk of Court is **DIRECTED** to file the proposed amended complaint as well as the attached exhibits. The proposed amended complaint shall be titled "Second Amended Complaint."

The Second Amended Complaint survives preliminary review pursuant to 28, U.S.C. § 1915A. **Count 1** will proceed against Ellison. **Count 2** will proceed against Jackman and Cunningham, but is **DISMISSED without prejudice** as to Brookhart. **Count 3** will proceed against Cunningham. **Count 4** will proceed against Wexford. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Heather Ellison for Jane Doe in the docket. Although there are no further claims

against Brookhart and the Jane Doe has been identified, Brookhart, as the Warden of Lawrence, shall remain a defendant in her official capacity only for the purpose of implementing any injunctive relief that may be ordered.

The Clerk of Court is **DIRECTED** to serve process on Heather Ellison, Cunningham, and Wexford Health Sources in accordance with the Court's Order at Doc. 11. If a defendant cannot be found at the work address provided by Burns, the employer shall furnish the Clerk of Court with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this merit review order and the original Merit Review Order of the First Amended Complaint (Doc. 11).** Defendants are **ADVISED** that the Court does not accept piecemeal answers.

As provided in the Initial Scheduling and Discovery Order (Doc. 41), late appearing parties have 45 days from entry of appearance to make initial disclosures and 60 days from the date of filing a responsive pleading to file a motion for summary judgment for failure to exhaust administrative remedies. All merits discovery remains **STAYED** until the Court resolves the question of whether Burns has exhausted his administrative remedies.

The Clerk of Court is **DIRECTED** to send Burns a copy of the docket sheet. (Doc. 62). The motions seeking emergency injunctive relief are **DENIED without prejudice**. (Docs. 62, 63, 64, 67).

Finally, for the reasons stated and pursuant to 28 U.S.C. § 1915 (e)(1) and Local Rule

83.1(i) and 83.9(b), attorney Michael P. Glisson of Williamson, Webster, Falb & Glisson, located at 603 Henry Street, Alton, IL, 62002, is **ASSIGNED** to represent Plaintiff Shaune Burns in this civil rights case. On or before February 26, 2021, assigned counsel shall enter his appearance in this case. Attorney Glisson is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Burns, explaining that an associate may also be working on the case. Burns should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet, the Second Amended Complaint, and Docs. 10 and 11 to attorney Glisson. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Burns **SHALL NOT** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Burns, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of pro bono counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. See SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be

reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner pro bono on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Burns's contact information is:

> **SHAUNE BURNS, #N51789**
> **Lawrence Correctional Center**
> **10930 Lawrence Road**
> **Sumner, IL 62466**

**IT IS SO ORDERED.**

**DATED:   February 11, 2021**

      _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**